IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 2:22-cr-26 |
| WILLIAM M. RINGLE, | |
| Defendant. | |

### ORDER

This matter is before the Court on the United States Probation's Petition for Action on Conditions of Pretrial Release, doc. 539, as amended, doc. 579.  For the reasons set forth below, and the reasons stated during the January 25, 2023 Bond Revocation Hearing in this matter, Mr. Ringle's release pending trial has been and remains **REVOKED** and Mr. Ringle is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility pending trial in this case.

Mr. Ringle was charged by indictment in this matter with Count One, Conspiracy to Possess with Intent to Distribute and to Distribute a Controlled Substance, 21 U.S.C. § 846.  On January 13, 2023, Mr. Ringle was released on bonding pending trial, subject to certain conditions.  The United States Probation's Petition for Action, doc. 539, as Amended, doc. 579, alleges Defendant failed to adequately communicate with his probation officer, failed to refrain from possessing a firearm, destructive device, or other dangerous weapon, failed to refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner, and violated home detention directions as directed by the supervising officer.

At the Bond Revocation Hearing, the Government asked the Court to revoke Mr. Ringle's release and requested Mr. Ringle be detained pending trial.  Mr. Ringle opposed the Government's request and asked that he be allowed to remain on bond pending trial.  Mr. Ringle did not testify at the hearing.

As explained during the Bond Revocation Hearing, the Court found by clear and convincing evidence that Mr. Ringle violated the conditions of his release, and found that he should be detained under the factors in 18 U.S.C. § 3142(g) and that he is unlikely to abide by conditions going forward. 18 U.S.C. § 3148(b).

Under § 3143 and § 3148, I find that revocation of Mr. Ringle's release and detention pending trial is appropriate. During the Bond Revocation Hearing, the Government offered argument and evidence demonstrating Mr. Ringle clearly understood what he was required to do under his bond conditions. Mr. Ringle was aware it was his responsibility to follow all conditions of his bond to include to refrain from possessing a firearm, destructive device or other dangerous weapon, refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner, follow all the conditions of his home detention with location monitoring as directed by his supervising officer, and comply with all other conditions as set out in Defendant's Order Setting Conditions of Release. Doc. 538.

At the Bond Revocation Hearing, Mr. Ringle offered no meaningful excuses for his violations of the conditions of his bond. To be clear, it was Mr. Ringle's obligation to ensure that he complied with the conditions of his release. If there was any confusion, he needed to resolve that confusion before violating any of the pretrial release conditions.

In consideration of all facts and arguments, I found that Mr. Ringle's release was due to be revoked, should remain revoked, and he should be detained pending trial in this case. Specifically, Mr. Ringle failed to carry his burden of establishing by clear and convincing evidence that he violated the conditions of his pretrial release and the evidence demonstrates that he is unlikely to abide by conditions going forward. Even if I were not to find otherwise regarding the likelihood that he will abide by conditions going forward, I would still find that

Mr. Ringle's release should be revoked and he should be detained under the factors in 18 U.S.C. § 3142(g).  18 U.S.C. § 3148(b).  Accordingly, Mr. Ringle is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility.  Mr. Ringle shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility shall deliver Mr. Ringle to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED**, this 30th day of January, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA